IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-63,987-04





EX PARTE CLARENCE EDWARD BREWER, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 974843 IN THE 185TH DISTRICT COURT


FROM HARRIS COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk
of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young,
418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of sexual assault and sentenced
to twenty years' imprisonment and a $10,000 fine. He did not appeal his conviction.

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because he
failed to advise Applicant about a plea offer for ten years after a mistrial was declared in a previous trial. 
Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington, 466 U.S.
608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App.
1997), the trial court is the appropriate forum for findings of fact. The trial court shall provide
Applicant's trial counsel with the opportunity to respond to Applicant's claim of ineffective assistance
of counsel. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In
the appropriate case, the trial court may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney
to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether a plea offer of ten years was made after
a previous mistrial was declared and, if so, whether Applicant's trial attorney told Applicant about this
offer. If an offer was made and not conveyed, the trial court shall also make findings as to whether
Applicant would have accepted such an offer, and may also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 



Filed: November 22, 2006

Do not publish